CAROLE ANN ABBOTT, Plaintiff-Appellee, *v.* WILLIAM J. ABBOTT, Defendant-Appellant.

Third District   No. 76-520

Opinion filed September 30, 1977.

Burt Greaves, of Champaign, for appellant.

James D. Reynolds, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court of Peoria County which enjoined William J. Abbott (hereinafter referred to as the husband) and his counsel from in any way proceeding with a divorce action which he had instituted in Piatt County against Carole Ann Abbott (hereinafter referred to as the wife).

In determining the issues presented in this appeal we do so without the benefit of a brief from the appellee wife, though the same has been requested and an order by this court was entered on July 18, 1977, directing the wife to show cause why she has failed to file an appellee's brief.

The husband commenced a suit for divorce in Piatt County by filing a praecipe for divorce and paying the requisite statutory fees on August 30, 1976. The wife commenced an action for divorce on September 2, 1976, by the filing of a complaint in the circuit court of Peoria County and she secured service of process on the defendant husband on September 3, 1976. Defendant's initial efforts to obtain service of process on his wife as to the Piatt County action were unsuccessful; however, alias summons was ultimately served on the wife on September 23, 1976.

The wife in her Peoria County action sought some temporary relief on September 9, 1976. Her husband countered by moving to dismiss the Peoria County action on the basis of the existence of the other pending action for divorce in Piatt County. This motion was supported by an authenticated copy of the record of the Piatt County action. This motion was denied. The husband then moved for dismissal of the Peoria County suit on the grounds that his wife was not a bona fide resident of Peoria County. This motion was also denied.

The circuit court of Peoria County then proceeded to hear evidence on the wife's prayer for temporary relief and entered certain orders. The husband on October 12, 1976, filed his complaint for divorce in Piatt County and mailed a copy of the same to his wife on October 13, 1976. On October 14, 1976, the circuit court of Peoria County entered an injunction against the husband and his attorney without notice and without bond which restrained each of them from proceeding in any manner in the Piatt County proceedings. On October 21, 1976, the Peoria court dissolved the temporary injunction because of lack of proper notice. On October 30, 1976, the wife on verified petition of her counsel again sought an injunction in the Peoria County proceeding. A hearing on this petition was set for November 5, 1976. On this latter date the husband filed an answer to the petition for injunction together with a petition for a change of judge. No further evidence was heard but the circuit court of Peoria County entered the injunction from which this appeal stems.

The first question presented in this appeal is whether the circuit court of

Peoria County ever acquired jurisdiction of the subject matter, to-wit, a divorce action, and the parties to it.

In determining this question we first direct our attention to a certain statutory provision in our divorce act, namely, section 6a of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 7a), which provides as follows:

> "§6a. Actions for divorce shall be commenced as in other civil cases or, at the option of plaintiff, by filing a praecipe for summons with the Clerk of the court and paying the regular filing fees, in which latter case a complaint may be filed at any time thereafter.
> * * *"

At the outset we must determine whether compliance with the foregoing statutory provision results in the commencement of a divorce action. We believe it to be well settled that compliance with such statutory provision (Ill. Rev. Stat. 1975, ch. 40, par. 7a) does commence an action for divorce. (See *People ex rel. Doty v. Connell* (1956), 9 Ill. 2d 390, 137 N.E.2d 849.) While in the case of *Connell* our supreme court was confronted with the question as to the constitutionality of a 1955 amendment to the divorce act which provided for a "waiting or cooling off period" which was inspired by the late Judge Julius Miner, the effect of the commencing of a divorce suit by the filing of a praecipe was discussed in detail. Our supreme court stated:

> "In an obvious effort to cure these defects, the legislature omitted from the present act all mention of reconciliation conferences and provided for immediate commencement of the suit by the filing of a *praecipe* for summons, with the consequent prompt obtaining of jurisdiction of the subject matter and the parties.
> * * *
>
> Likewise, the instant statute provides immediate access to the courts by a procedural means applicable alike to all litigants, with no delay being interposed before jurisdiction is obtained. The commencement of a suit by the filing of a *praecipe* for summons, a practice familiar to most Illinois lawyers, was in effect in this State for over a hundred years preceding the enactment of the Civil Practice Act of 1933 * * *." *People v. Connell* (1956), 9 Ill. 2d 390, 393, 137 N.E.2d 849, 851-52.

A further discussion of the effect of filing a praecipe for summons in a divorce action is to be found in 59 Ill. B. J. 564 (1971). Without making a lengthy dissertation as to the contents of this Bar Journal article, it is sufficient to say that among the author's conclusions is that a divorce action commenced by a praecipe may be considered to have prior jurisdiction over subsequently filed suits.

Having determined that the divorce action in Piatt County had

prior jurisdiction over the parties and subject matter of this appeal, we are of the opinion that the circuit court of Peoria County upon being so informed should have declined to proceed in the case filed by the wife, but instead should have dismissed the same. The purpose of the statute providing for dismissal of an action on the grounds that there is another action pending between the same parties for the same cause is to foster orderly procedures by preventing a multiplicity of actions. (See *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806.) In the case of *Lehman* two suits were filed involving a writ of habeas corpus. The mother filed a suit in Cook County on December 14, 1964. The father filed suit in Du Page County on December 29, 1964. Our supreme court held that the mother's motion to dismiss the Du Page County action should have been allowed even though it was assumed that personal jurisdiction over the litigants was first obtained in the Du Page County action.

To buttress the conclusion which we are compelled to reach in this appeal we make the observation to the effect that we harbor serious doubts as to whether the wife was a resident of Peoria County at the time she instituted her action for divorce. Before the trial court of Peoria County her testimony indicated that her claimed residence in that county was at the most tentative and conditional. In response to questions concerning her intent as to residence she indicated that she really hadn't made up her mind as to that subject but would have to do so at a later time.

Having determined that the action in Peoria County should have been dismissed it is not necessary nor would any useful purpose be served in considering other issues raised in this appeal.

For the reasons set forth the injunction order of the circuit court of Peoria County entered on November 5, 1976, which restrained and enjoined the husband appellant and his counsel from proceeding in the Piatt County divorce action, is hereby ordered vacated.

Order vacated and cause reversed.

STOUDER, P. J. and BARRY, J., concur.