JOHN R. TAMBONE, M.D., Plaintiff-Appellant, *v.* ROBERT SIMPSON, M.D., *et al.*, Defendants-Appellees.

Second District    No. 79-590

Opinion filed December 22, 1980.

David L. Clark, of Chicago, for appellant.

Vette E. Kell, of Kell, Conerty & Poehlmann, of Woodstock, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, John R. Tambone, M.D., appeals from an order of the Circuit Court of McHenry County dismissing his action brought against defendants, Robert Simpson, M.D., William R. Larsen, M.D., Bertram Hansen, and Jack Byers, pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)), on grounds that another

action was pending between the same parties for the same cause in the United States District Court for the Northern District of Illinois.

Plaintiff originally filed his action in the circuit court in May 1975 seeking damages from the same four defendants based upon allegations they conspired to injure plaintiff's medical practice. That action was dismissed by the trial court on June 9, 1978, for want of prosecution and was refiled by plaintiff on June 8, 1979, within one year of its dismissal, as is authorized by section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a). Plaintiff's complaint alleged, in substance, that commencing in 1965 the four defendants (and other persons not joined as defendants), who were members and officers of the medical staff of Memorial Hospital for McHenry County, Inc., and members of its administrative staff, unlawfully conspired to injure or destroy plaintiff's medical practice. The complaint further alleged defendants instigated a baseless malpractice action against plaintiff, deprived him of orthopedic and obstetrical surgical privileges to harass him and malign his reputation, interfered with his contractual relations with other physicians, caused his removal from the hospital staff, misinformed the hospital board of directors regarding plaintiff's competence, and prevented him from serving on hospital committees and in certain offices. Plaintiff sought compensatory and punitive damages for injury to his professional reputation and medical practice.

On May 17, 1979, shortly before he refiled this case in the Circuit Court of McHenry County, plaintiff commenced suit in the United States District Court for the Northern District of Illinois against these same four defendants and, in addition, joined 35 other parties as defendants. They included Memorial Hospital, certain members of its executive committee, the members of its 1974 board of directors and a medical corporation and certain of its employees, shareholders and directors. Counts I and II of the Federal court complaint sought recovery under the Sherman Antitrust Act (15 U.S.C. §1 (1973)) and the Illinois Antitrust Act (Ill. Rev. Stat. 1977, ch. 38, par. 60—1 *et seq.*). These counts alleged, *inter alia*, that "commencing as early as 1973 and earlier" defendants wrongfully conspired to ruin plaintiff's medical business by removing his staff privileges at Memorial Hospital in restraint of interstate trade and commerce, for which plaintiff sought damages and attorney's fees. Count III alleged the defendants had conspired to violate plaintiff's civil rights, and he sought damages pursuant to 42 U.S.C. §1983 (1973).

Defendants moved to dismiss in both the State and Federal courts, and the trial court dismissed the present action on September 27, 1979, on the grounds the Federal action was pending between the same parties and for the same cause. Plaintiff's subsequent motion which, alternatively, requested that the dismissal order be vacated or be held in abeyance

pending a disposition of the Federal case was denied. Although it appears that the parties were not aware of it when they appeared in the trial court for hearing of defendants' motion to dismiss this action, an order had been entered in the Federal case on September 26 dismissing its count III and permitting counts I and II to proceed.

Plaintiff contends that the trial court erred in its dismissal of his action as the pending Federal action relied upon was neither between the same parties nor for the same cause as the State action. He also contends that the trial court should have stayed, rather than dismissed, this proceeding during the pendency of the Federal action.

Section 48(1)(c) provides:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
> * * *
>
> (c) That there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c).)

In *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428, 429, the court determined that this statute refers to the "same cause" not the "same cause of action" and that it applies when relief is requested in separate actions on substantially the same set of facts. The court in *Skolnick* upheld the dismissal of a common law action for wilful and malicious trespass and malicious use of deposition process, filed in the Circuit Court of Cook County, which was based on the same set of facts on which plaintiff had also commenced a Federal civil rights claim in the United States District Court. In addition, the crucial inquiry is whether the two actions arise out of the same transaction or occurrence (*Seabord Finance Co. v. Davis* (N.D. Ill. 1967), 276 F. Supp. 507, 518), not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions. (*Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, 825-26, 327 N.E.2d 371, 376-77.) Even though the purpose of the two actions is not identical, section 48(1)(c) may be invoked where there is a substantial similarity of issues between them. *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255, 357 N.E.2d 534, 538; see also *Anagnost v. Hammond Corp.* (1979), 73 Ill. App. 3d 667, 392 N.E.2d 355; *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 334 N.E.2d 313.

■■ Our consideration of the State and Federal pleadings filed by plaintiff leads us to conclude that the two actions were for the same cause. The facts upon which his action is based in the State case are set forth as an unlawful conspiracy by defendants commencing in 1965 to destroy plaintiff's medical practice. The facts giving rise to the Federal action,

which he alleges as "commencing as early as 1973 and earlier," are that defendants maliciously, unlawfully and wrongfully conspired and contrived together for the purpose of injuring plaintiff's medical business. The facts required to support each of these actions are similar. Plaintiff must in each case prove the existence of a business relationship or the expectancy thereof, knowledge of it on the part of the conspirators, and overt acts in furtherance of the conspiracy which intentionally interfered with plaintiff's business and resultant damage. It does not appear that the additional proofs required to sustain a Federal antitrust action (*i.e.*, an anticompetitive effect) would create a significant dissimilarity of either issues or proof between these cases.

Plaintiff argues that the Federal suit alleges numerous conspiratorial acts, as well as conspirators, which were not included in the subsequent State action. However, the purpose of section 48(1)(c)´ is to avoid duplicative and vexatious litigation. (*A. E. Staley Manufacturing Co. v. Swift & Co.* (Docket No. 53134, filed Nov. 18, 1980), ___ Ill. 2d ___, ___ N.E.2d ___; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806; *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428.) These purposes would not be served here if plaintiff were permitted to cull out a small section of a larger complaint and bring a second action based on the same factual circumstances.

Plaintiff's reliance upon *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534, is misplaced. It concerned a Federal Employers' Liability Act (FELA) action brought in State court by a plaintiff against a railroad and a petroleum company, as a result of a tank car explosion, and a State action arising from the same explosion brought in a different county by the petroleum company against the railroad to establish ultimate liability and indemnity for any judgment that might be entered against it. The court determined, however, that the issues and proof in the indemnity action would differ substantially from those of the FELA action and, consequently, concluded that section 48(1)(c) did not preclude hearing the separate indemnity suit against the railroad. See also *Fredman v. Clore* (1973), 13 Ill. App. 3d 903, 301 N.E.2d 7, *aff'd in part on other grounds, rev'd in part on other grounds* (1974), 59 Ill. 2d 20, 319 N.E.2d 18.

Plaintiff also argues that the pending actions did not involve the same parties, noting that the tort action in State court included only 4 of the 39 defendants joined in the antitrust action in Federal court.

A similar question was considered in *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 282, 334 N.E.2d 313, 316, where the court determined application of the statute requires only that the parties in the two cases be substantially the same, but need not be identical. (See also *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428, 430.) In *Baker* a suit was

filed by nine plaintiffs, as trustees of a profit-sharing fund, against a partnership and 37 other defendants. Defendants' motion to dismiss was granted because of the pendency of a prior action which the partnership had brought against the profit-sharing fund and seven of its nine trustees. The appellate court affirmed the dismissal of the second action, finding that the profit-sharing fund and the partnership were the real parties in interest in the common cause sought to be litigated and that the actions were, therefore, between the same parties.

It has been said that where the plaintiff is the same in both actions and the defendants in the second suit are also included among the defendants in the prior suit the common defendants may assert the pendency of that prior action although there are additional parties defendant in the prior action (1 Am. Jur. 2d *Abatement, Survival & Revival* §22 (1962); 1 C.J.S. *Abatement & Revival* §56 (1936); see also *Haas v. Righeimer* (1906), 220 Ill. 193, 77 N.E. 69), and a litigant may not circumvent the general rule merely by adding new defendants to or subtracting old ones from a prior action when instituting a second suit. See *Chapple v. National Hardwood Co.* (1926), 234 Mich. 296, 207 N.W. 888.

■■ We conclude that defendants' motion to dismiss met both the party and cause requirements of the statute. See also *Abbott v. Abbott* (1977), 52 Ill. App. 3d 728, 367 N.E.2d 1073; *Bonovich v. Convenient Food Mart, Inc.* (1974), 18 Ill. App. 3d 884, 310 N.E.2d 710; but see *Fredman v. Clore* (1973), 13 Ill. App. 3d 903, 301 N.E.2d 7, *aff'd in part on other grounds, rev'd in part on other grounds* (1974), 59 Ill. 2d 20, 319 N.E.2d 18.

Plaintiff also contends that the trial court erred in failing to stay the proceedings in this case during the pendency of the Federal action.

In its recent decision in *A. E. Staley Manufacturing Co. v. Swift & Co.* (Docket No. 53134, filed Nov. 18, 1980), ___ Ill. 2d ___, ___ N.E.2d ___, the court held that dismissal is not the only relief afforded by section 48(1)(c) and that a trial court has some discretion in ruling upon a motion brought pursuant to it. In exercising that discretion it held that a court should seek to effectuate the purpose of the statute of avoiding duplicative litigation, but that there are circumstances under which multiple actions may properly be maintained in different jurisdictions although arising out of the same operative facts. In *Staley* the supreme court held that an action brought by Staley against Swift in an Illinois court would be neither barred nor stayed, under the circumstances of the case, although Swift had commenced an action in an Iowa court and both suits arose out of a construction contract between these parties. The court noted, however, there was no evidence of an attempt by Staley to harass Swift by filing its Illinois action and distinguished *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428, in which the same plaintiff had filed the same

cause of action in both Federal and Illinois courts. The court concluded that the reference in *Skolnick* to a right of dismissal and to repetitious litigation did not carry the same meaning in *Staley* where there was no element of vexation apparent from a multiple filing and prosecution of the same action by the same party.

We believe the present case fits the *Skolnick* pattern and that the trial court correctly denied plaintiff's request for a stay. The operative facts upon which plaintiff based both his Federal and State actions were alleged to have occurred commencing as early as 1965, and the claimed misconduct on the part of the defendants in allegedly conspiring to exclude plaintiff from the staff of the hospital and injuring his business is the same in each action. Plaintiff did not pursue his first case filed in the circuit court in 1975 against these four defendants, and it was dismissed by the trial court in 1978 for want of prosecution. He refiled it against defendants one day short of the extended limitation period available to him and, shortly before doing so, filed his Federal action against these four defendants and others. Under these circumstances we find that the trial court did not abuse its discretion in denying plaintiff's motion to stay this action pending completion of the Federal case.

For these reasons the judgment of the Circuit Court of McHenry County will be affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.