TERRACOM DEVELOPMENT GROUP, INC., Plaintiff-Appellant, v. THE VILLAGE OF WESTHAVEN *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—90—1054

Opinion filed February 8, 1991.

William D. Maddux & Associates, of Chicago (William D. Maddux, of counsel), for appellant.

Mark H. Sterk, of Odelson & Sterk, of Evergreen Park, for appellee Village of Westhaven.

Lord, Bissell & Brook and Klein, Thorpe & Jenkins, Ltd., both of Chicago (Hugh C. Griffin, Daniel J. Zollner, Nancy Shaw, and Dennis G. Walsh, of counsel), for other appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Terracom Development Group, appeals from an order of the circuit court of Cook County dismissing Terracom's complaint against defendants as being duplicative of a pending Federal action.

Terracom is a real estate developing company. In the early 1970s, Terracom began planning the development of 35 acres of land in the Village of Westhaven (Village), now known as Orland Park, to occur in four phases: phase I, involving the "Hunter Subdivision," 21 acres of private, single-family homes; phase 2, involving the "Hunter Apartment Complex," 1.22 acres; phase 3, involving the "Pheasant Ridge" apartments, 9.23 acres; and phase 4, involving 6.5 acres of additional single family homes.

In January 1976, the Village's board of trustees adopted an ordinance which authorized the execution of a preannexation agreement with Terracom in which the Village expressed its desire that Terracom

develop the property as proposed. Pursuant to the agreement, the Village issued building permits for the single-family homes and plaintiff began construction. Terracom executed a contract in November 1975 with the Orland Park School District (School District) in which it agreed to pay the School District $44.57 per dwelling not to take any action to oppose Terracom's development project. Terracom also relied upon two letters from the Orland Fire Protection District (Fire District), in which the Fire District confirmed that it could adequately protect the phase III development and approved the plans.

Terracom thereafter submitted to the Village a final plan for the apartments, which the Village's planning commission approved on May 24, 1977, and on November 6, 1978, as in compliance with the agreement and Village ordinances. Terracom applied to the Village for building permit fees for the apartments in September 1978, and applied to the Illinois Housing Development Authority (IHDA) and the United States Department of Housing and Urban Development (HUD) for mortgage financing, mortgage insurance and section 8 rental subsidies for the Hunter and Pheasant Ridge apartments. Terracom alleged that after being notified of its application for section 8 rental subsidies in January 1979, as required by Federal law, the Village engaged in a course of conduct designed to prevent construction of the apartments, which included: refusing to approve final plans in March 1979, which the planning commission had previously approved; refusing to issue or calculate fees for building permits; and erroneously claiming that Terracom failed to comply with the ordinances and the agreement as its basis for refusal.

In August 1979, Terracom and its trustee, La Salle National Bank, sought a writ of *mandamus* in the circuit court of Cook County requiring the Village to approve the final plans and issue the building permits. In April 1980, the circuit court entered judgment for plaintiffs against the Village, finding that Terracom's plans for the apartments fully complied with the agreement and the ordinances. The court ordered that Terracom was entitled to construct the apartments as proposed and was entitled to the issuance of building permits upon payment of appropriate fees and presentation of a loan commitment.

Although Terracom thereafter presented a loan commitment and permit fees to the Village, the Village did not issue the permits, claiming that the application was incomplete and that Terracom failed to pay the requisite fees. In June 1980, plaintiffs filed a petition for rule to show cause based upon the Village's refusal to issue the permits. After a hearing, the parties entered into an agreed order in August 1980 requiring the Village to deposit the permits with the court, which the court

would release pursuant to conditions in the order. Terracom alleges, however, that it was unable to obtain the requested financing commitment from IHDA and HUD because of the Village's conduct. The Village did not deposit the permits with the court, and in March 1982, plaintiff filed a motion for enforcement of the agreed order in the circuit court. In April 1982, the court ordered the Village to deposit the permits by May 11, 1982, which the Village failed to do. On May 17, 1982, the court entered an order stating that the order itself constituted the requisite building permits.

Terracom and J. Fred Creek, its partner in the Pheasant Ridge Complex, filed suit against the Village, the Fire District and the School District in November 1982, in the circuit court of Cook County. Defendants subsequently removed the action to the Federal court for the Northern District of Illinois in March 1983, where the case is presently pending.

Count I of this complaint alleged that the Village breached its contract with plaintiffs by refusing to issue building permits for the multifamily apartment units, and by engaging in conduct to prevent Terracom from securing financial commitments for the development. Count II alleged that the School District breached its November 1975 contract with Terracom by sending letters to IHDA and a State representative opposing the development and claiming that Terracom did not notify or consult the School District about the development. Count III alleged that the Fire District sent a letter to the IHDA indicating that the apartment complex would be a fire hazard. By so doing, plaintiffs alleged that the Fire District breached its contract with the Village to provide services and also breached its representations to plaintiffs that the Fire District had approved the final plans for the development. Each count specifically referred to the two multifamily apartment units, Hunter and Pheasant Ridge. Counts I and II specifically alleged that defendants' conduct delayed the closing on the financial commitments for the apartment complexes. Both counts I and II also alleged that defendants' breach delayed the development of the single-family homes and phase IV and requested damages therefore. Count II does not specifically refer to the single-family homes.

On January 25, 1985, Terracom, along with Creek and Shell, who each had acquired an interest in the Pheasant Ridge apartments, filed a first amended complaint in the Federal action to add a negligence count. In February 1989, plaintiffs filed a second amended complaint to include a substantive due process claim, referring specifically to the apartment complexes. On March 31, 1989, 17 days before trial was set to begin, Terracom sought leave to file a third amended complaint in order to add

counts for the damages to phases I and IV of the development. The district court denied plaintiffs' motion in a memorandum order entered August 31, 1990, citing plaintiffs' "unjustified and extreme tardiness" and the resulting prejudice to defendants. On the next day, Terracom filed the present suit in the circuit court of Cook County, seeking the damages which were precluded in the Federal action. The trial judge dismissed the action on March 9, 1990.

On appeal, Terracom contends that the trial court erred in granting defendants' motion to dismiss pursuant to section 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)). Terracom maintains that the State and Federal actions are not "for the same cause" because the State action seeks damages for phases I and IV of the development plan, while the federal action seeks damages for phases II and III. It also claims that even if the trial court properly applied section 2—619(a)(3) to this case, the court should have stayed, rather than dismissed, the action until disposition of the Federal case.

Under section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)), a defendant may seek dismissal on the ground that "there is another action pending between the same parties for the same cause." Our supreme court in *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428, 429, stated that two actions are for the same cause where "relief is requested on substantially the same state of facts." Moreover, according to this court, "the crucial inquiry is whether the two actions arise out of the same transaction or occurrence [citation], not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions." (*Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 867, 414 N.E.2d 533, 535.) The purpose of the two actions need not be identical; rather, there need only be a substantial similarity of issues between them. (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534; *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31; *Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 414 N.E.2d 533.) The trial court in its discretion decides whether to grant the motion (*Kellerman v. MCI Communications Corp.* (1986), 112 Ill. 2d 428, 493 N.E.2d 1045), and such decision will not be disturbed absent an abuse of discretion. *Arthur Young & Co. v. Bremer* (1990), 197 Ill. App. 3d 30, 554 N.E.2d 671.

We conclude that the trial court properly dismissed the action under section 2—619(a)(3).

Both the Federal and State actions involve the same operative facts and the same issues. Each action involves the same three agree-

ments: Terracom's agreement with the Village, Terracom's November 1975 contract with the School District, and Terracom's alleged agreement with the Fire District. Moreover, the conduct by defendants which allegedly constitutes the contract breaches is identical in both complaints. Both complaints allege that Terracom performed the acts required of it under the agreements. Finally, both complaints allege that defendants' breaches caused Terracom to suffer extensive damages.

Indeed, the State and Federal pleadings recite virtually identical allegations. Paragraph 2 of the State complaint refers to a legal description of property, to which the Federal complaint also refers. Paragraph 3 of each complaint alleges the Village's status as a municipal corporation. The substance of paragraphs 4, 5, and 6 of the Federal complaint, which concern Village officials who were defendants in the Federal, but not the State, action, does not apply and is, thus, absent from the State complaint. Paragraph 4 of the State complaint mirrors paragraph 7 of the Federal complaint, except that they refer to a 38-acre and a 10.45-acre parcel of property, respectively. After paragraph 4 of the State complaint, each paragraph of the State complaint is lifted verbatim from the Federal complaint. Indeed, paragraphs 5, 6, and 7 of the State complaint are identical to paragraphs 8, 9, and 10 of the Federal complaint. Paragraphs 10 through 38 of the State complaint are identical to paragraphs 11 to 39 of the Federal complaint. Finally, paragraphs 39 to 46 of the State complaint are identical to various paragraphs in counts III and IV of the Federal complaint. In sum, with a few exceptions, each allegation in the State complaint appears in the Federal complaint.

Terracom concedes in its brief that this instant action and the Federal action involve "the same operative facts," but maintains that the two causes are not the same because they involve different phases of development, relying on *People ex rel. Phillips Petroleum Co. v. Gitchoff. Gitchoff*, however, is inapposite to the present matter.

In *Gitchoff*, the deceased's administratrix filed a Federal Employers Liability Act (FELA) action in Madison County against Phillips and the railroad for injuries sustained when a tank car explosion killed decedent. Approximately one year later, Phillips filed suit in Macon County against the railroad seeking a declaratory judgment to establish ultimate liability and indemnity for any judgment for the same explosion. The railroad then filed a counterclaim against Phillips in the Madison County action, seeking indemnity. In October 1975, the Macon court granted Phillips' motion to consolidate, from which interlocutory order the railroad unsuccessfully sought leave to appeal. The Madison court, however, refused to transfer the counterclaim to Macon County for consolidation. Phillips filed this original action for a writ of *mandamus* to require Mad-

ison County to comply with the Macon County court order to consolidate. The railroad responded that Macon County should have declined jurisdiction over Phillips' suit in light of the pending Madison County FELA action.

The supreme court denied the writ, determining that the issues and proof in the indemnity action would differ "substantially" from those in the FELA action. The court concluded that section 48(1)(c) of the Civil Practice Act (recodified as 2—619(a)(3)) did not preclude the maintenance of both suits.

*Gitchoff* is clearly distinguishable from the present case because the *Gitchoff* court considered two pending cases which dealt with independent issues, one case regarding the insured's liability and the other concerning the insurer's duty to the insured. Indeed, the supreme court noted that the Madison County court would determine liability for decedent's death, while the Macon County court would determine any right to indemnity between those defendants held liable. Although both causes stemmed from common facts, they reached distinct issues. By contrast, here the Federal and State courts would be required to address identical issues: whether the alleged contracts existed, whether defendants breached them and the extent of the damages, if any. We cannot find that these two actions are not "for the same cause" merely because they seek damages for different phases of the construction plan. The facts required to support each action are identical. Nor does it appear that the additional proof required to sustain the damages issue for the single-family homes and phase IV would create a "significant dissimilarity of either issues or proof between these cases." *Tambone*, 91 Ill. App. 3d at 868, 414 N.E.2d at 535.

Terracom's own admissions belie its argument that the two causes of action are not the same. In support of its third amended complaint, Terracom stated that it did "not seek to add either new parties or new claims. Plaintiff's motion merely seeks to amplify the original claim and clarify an element of damages." Moreover, at the hearing in Federal court, Terracom's attorney stated:

> "We went to State Court to seek a remedy that wasn't as adequate as staying here. The defendants came in and said to the State Court Judge *legitimately*, this issue should have been over in the Federal Court as part of our other case." (Emphasis added.)

Finally, in support of its motion to amend in Federal court, Terracom wrote:

"Defendants could well argue in a state court defense that plaintiff's claim for damages should have been brought in this federal suit. Plaintiff, Terracom, as well as the Defendants would be put to the expense, after approximately six years of delay, of retrying the same factual case as is now pending in this court."

The above statements indicate that during the pendency of this litigation, Terracom consistently maintained that the additional relief sought for phases I and IV through its amendment involved the same facts and issues as the original complaint. Terracom's own admissions persuade us that this action is "duplicative litigation," which the trial court appropriately avoided by the dismissal. *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 27.

Terracom also claims that even if the trial court properly applied section 2—619(a)(3), it should have stayed, rather than dismissed, this action until resolution of the Federal case. We disagree.

■ Our supreme court in *A.E. Staley Manufacturing Co. v. Swift & Co.* held that multiple actions based upon the same operative facts may be maintained when the trial court in its sound discretion so determines that both should proceed. Factors to consider in determining whether to stay an action under section 2—619(a)(3) include the following: comity, the prevention of multiplicity, vexation and harassment, the likelihood of obtaining complete relief in the foreign jurisdiction and the *res judicata* effect of a foreign judgment in the local forum. *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 447-48, 493 N.E.2d 1045, 1053.

■ After reviewing the record, we conclude that the trial judge conducted a thorough analysis, properly considered the applicable factors and acted within his discretion. At the March 3, 1990, hearing, the trial judge specifically found that the two actions involved "the same sequence of events arising out of the same series of negotiations, the same contract between the parties." After concluding that section 2—619(a)(3) applied, the judge considered whether a stay would be an appropriate remedy. He examined the history of the litigation and the district court's memorandum order, agreeing that the State action merely attempted to circumvent the district court's order. He explicitly recognized that the district court ruled on the basis of untimeliness and prejudice to defendants. Thus, we find that Terracom's inability to obtain complete relief in the district court is based upon its own actions. Moreover, the considerations of comity and *res judicata* do not apply. Although Terracom's attempt to prosecute the same cause in different forums may not be vexatious or harassment,

it is prejudicial to defendants. Finally, based upon our conclusion that the actions involve the same facts and issues, a dismissal is a more appropriate remedy than a stay.

In light of the trial court's reasonable analysis, we do not find an abuse of discretion in dismissing rather than staying this action. Accordingly, we decline to disturb the order granting defendants' section 2—619(a)(3) motions. In view of this determination, it is unnecessary to consider the other reasons offered by defendants in support of dismissal.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and EGAN, J., concur.