TRUDE SCHNITZER, As Ex'r of the Estate of Selma Bernheimer, Indiv. and Derivatively on behalf of Commonwealth Edison Company, Plaintiff-Appellant, v. JAMES J. O'CONNOR *et al.*, Defendants-Appellees (Commonwealth Edison Company, Nominal Defendant-Appellee).

First District (5th Division)   Nos. 1—93—3887, 1—94—1277 cons.

Opinion filed July 7, 1995.

Much, Shelist, Freed, Denenberg & Ament, P.C., of Chicago (Michael J.

Freed, Edith F. Canter, and William H. London, of counsel), and Chimicles, Jacobsen & Tikellis, of Haverford, Pennsylvania (Michael Gottsch, of counsel), for appellant.

Pope, Cahill & Devine (William R. Quinlan, of counsel), and Kevin M. Forde, both of Chicago, for appellee Commonwealth Edison Company.

Jenner & Block, of Chicago (Nicholas D. Chabraja, David C. Bohan, and Robert L. Denby, of counsel), for other appellees.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

The plaintiff, Trude Schnitzer, filed a shareholder derivative suit on behalf of Commonwealth Edison Company (Edison) against the defendants—certain present and former directors of Edison—alleging a breach of their duties regarding the construction of nuclear power plants. Six months before the Schnitzer complaint, another Edison shareholder, Bertha Miller, had filed a shareholder derivative suit against the same defendants alleging the same breach of duties in *Miller v. Thomas*, No. 93 CH 9532. While the *Miller* plaintiffs had previously demanded that Edison's board sue the defendants, the Schnitzer complaint alleged that demand was futile due to the board's lack of independence. The defendants filed a motion to dismiss pursuant to section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), alleging that *Miller* was another action pending between the parties for the same cause. The trial court granted the motion, from which the plaintiff appeals. Two months after the dismissal, *Miller* was dismissed on the merits, and plaintiff filed a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure. (735 ILCS 5/2—1401 (West 1992).) The trial court denied plaintiff's petition, and plaintiff's appeal of that order is consolidated with her previous appeal in this matter.

We affirm.

## BACKGROUND

On October 1, 1992, two Edison shareholders—Bertha Miller and Fred Steinlauf—filed a derivative action on behalf of Edison alleging that certain current and former officers and directors of Edison breached their duties regarding the construction of the Byron and Braidwood nuclear plants. An additional count in their action sought damages against the current directors for not acting against those responsible. Before filing suit, the *Miller* plaintiffs had demanded that Edison's board sue the individual officers and directors for their

breaches of duty. *Miller* was stayed by the trial court on November 25, 1992, until Edison's board had acted on the demand request.

In response to the demand request, the board retained independent counsel—the law firm of Jenner and Block—to conduct an investigation of the issues raised in the demand. At the conclusion of its investigation in April of 1993, the board decided that the allegations in *Miller* were meritless and that pursuing litigation was not in the best interests of Edison. Accordingly, on April 20, 1993, the board rejected the demand and moved to dismiss the *Miller* complaint pursuant to section 2—619. 735 ILCS 5/2—619 (West 1992).

The plaintiff in this matter, Trude Schnitzer, instituted her two-count derivative action on April 14, 1993, on behalf of Edison. The first count alleged that current and former directors of Edison had breached their duties regarding the construction of the Byron and Braidwood nuclear plants. All of the Schnitzer defendants were named as defendants in *Miller*, and the plaintiff's substantive allegations were nearly identical to the *Miller* complaint. Plaintiff's second count, as in *Miller*, sought damages against current directors for not acting against those responsible. Plaintiff concluded her complaint with demand allegations in which she alleged that any demand by her to Edison's board would be futile, citing several grounds: the board's failure to respond to previous demands, the board's previous awareness of negligent conduct, its insurance policies, and its friendships and alliances among those responsible.

On June 18, 1993, the defendants filed a motion to dismiss pursuant to section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 1992)), alleging that plaintiff's complaint should be dismissed because *Miller* was another action pending between the parties for the same cause. Plaintiff opposed the motion on two grounds: (1) *Miller* had different plaintiffs and thus was not the same party, and (2) *Miller* was a different cause because it was a "demand made" case while plaintiff's complaint was a "demand futile" case. On August 4, 1993, the plaintiff moved to consolidate her case with *Miller* solely for the purpose of discovery. The trial court rendered the discovery motion moot on October 7, 1993, when it granted the defendants' motion to dismiss, from which the plaintiff appeals.

On December 7, 1993, the *Miller* action was dismissed on the merits. The *Miller* court barred the derivative action after finding that Edison's board had made its decision not to litigate with adequate information, due care, and good faith under the discretion of the business judgment rule. The *Miller* plaintiffs have filed an appeal which is currently pending before this court.

On February 9, 1994, plaintiff filed a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)), arguing that she should be allowed to proceed now that *Miller* was no longer pending. The trial court denied plaintiff's petition on April 14, 1994, for three separate reasons: (1) *Miller* was still pending on appeal, (2) *Miller* acted as *res judicata* towards plaintiff's complaint, and (3) *Miller* adjudicated plaintiff's claim on the merits. The plaintiff appeals that order, and her two appeals were consolidated on April 27, 1994.

## OPINION

### I

■ Addressing the first appeal, the court dismissed plaintiff's action under section 2—619(a)(3), which states:

"Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. ***

***

(3) That there is another action pending between the same parties for the same cause." (735 ILCS 5/2—619(a)(3) (West 1992).)

The purpose of this section is to further the interest of judicial economy and avoid a multiplicity of actions, and it should be construed liberally. (*Forsberg v. City of Chicago* (1986), 151 Ill. App. 3d 354, 372, 502 N.E.2d 283.) The determination of a motion to dismiss is a matter within the discretion of the trial court (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 447, 493 N.E.2d 1045) and will not be reversed absent an abuse of that discretion. *Katherine M. v. Ryder* (1993), 254 Ill. App. 3d 479, 487, 627 N.E.2d 42; *Terracom Development Group, Inc. v. Village of Westhaven* (1991), 209 Ill. App. 3d 758, 568 N.E.2d 376.

■ The plaintiff argues that her case has neither the "same parties" nor the "same cause" as the *Miller* case under section 2—619. In defining "same parties," the parties do not have to be identical; the requirement is met where the litigants' interests are sufficiently similar, even though the litigants differ in name or number. (*Skipper Marine Electronics, Inc. v. Cybernet Marine Products* (1990), 200 Ill. App. 3d 692, 695-96, 558 N.E.2d 324; *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 333, 454 N.E.2d 1078.) In this matter, the plaintiff and the *Miller* plaintiffs had identical interests—the recovery of funds to Edison from the same defendants. The plaintiff in any stockholder's derivative suit does not sue in an individual capacity but as the representative of the corporation (*Shlensky v.*

*South Parkway Building Corp.* (1963), 44 Ill. App. 2d 135, 139, 194 N.E.2d 35; *Duncan v. National Tea Co.* (1957), 14 Ill. App. 2d 280, 294, 144 N.E.2d 771), asserting a right of the corporation. (*Karris v. Water Tower Trust & Savings Bank* (1979), 72 Ill. App. 3d 339, 354, 389 N.E.2d 1359.) Because the *Miller* plaintiffs and the plaintiff in this case are all representatives of Edison seeking the same recovery from the same defendants, the *Miller* plaintiffs have sufficiently similar interests as the plaintiff to be the same party as plaintiff under section 2—619.

■ The plaintiff also disputes that her action is for the "same cause" as *Miller*. Two actions are for the "same cause" under section 2—619 when the relief sought is requested on substantially the same set of facts. (*Katherine M.*, 254 Ill. App. 3d at 487; *Terracom*, 209 Ill. App. 3d at 762.) The central inquiry is whether the two actions arise out of the same transaction or occurrence, and not whether the legal theories or the relief sought materially differs between the actions. *Katherine M.*, 254 Ill. App. 3d at 487; *Terracom*, 209 Ill. App. 3d at 762.

In the instant matter, this case and *Miller* both arise from the same occurrence: the alleged breach of the defendants' duties regarding construction of nuclear power plants. The fundamental basis of a shareholders' derivative action is to enforce a corporate right which the corporation either refuses to assert, or by reason of circumstances is unable to assert. (*March v. Miller-Jesser, Inc.* (1990), 202 Ill. App. 3d 148, 160, 559 N.E.2d 844.) The plaintiff and the *Miller* plaintiffs are seeking to enforce the same corporate right—recovery from the same defendants for the same breaches of duty on the same facts. Thus, both cases are for the same cause, regardless of the differences in legal theory between a "demand made" and a "demand futile" action.

■ The plaintiff asserts that the "ultimate issue" in this matter is whether demand on Edison's board would have been futile. However, whether demand is made or proven futile is merely a prerequisite to a derivative action under Illinois' demand statute, section 7.80(b) of the Business Corporation Act of 1983. (805 ILCS 5/7.80(b) (West 1992); *Karris*, 72 Ill. App. 3d at 354.) To prevent shareholders from abusing their derivative remedy, "equity courts established as a '*precondition* for the suit' that the shareholder demonstrate that 'the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions.' " (Emphasis added.) (*Kamen v. Kemper Financial Services, Inc.* (1991), 500 U.S. 90, 96, 114 L. Ed. 2d 152, 163-64, 111 S. Ct. 1711, 1716, quoting *Ross v. Bernhard* (1970), 396 U.S. 531, 534, 24 L. Ed. 2d 729, 734, 90 S. Ct. 733, 736.) Plaintiff's com-

plaint does not seek any relief or judgment based on its demand allegations, further emphasizing that they have been included solely for the purpose of satisfying the requirements of section 7.80(b). The "ultimate issue" to be proven is the same in the instant matter and *Miller*: the defendants' breach of duties toward Edison in their plant construction and in their refusal to get compensation from those responsible.

■ The plaintiff also argues that the important and incompatible nature of "demand made" and "demand futile" cases render them different causes under section 2—619. The plaintiff relies heavily on *Kamen*, but that case contradicts the plaintiff's contentions. *Kamen* examined Rule 23.1 of the Federal Rules of Civil Procedure, a demand rule almost identical to section 7.80(b) of the Illinois statute. *Kamen* stated, "On its face, Rule 23.1 speaks only to the adequacy of the shareholder representative's pleadings. Indeed, as a rule of procedure *** Rule 23.1 cannot be understood to 'abridge, enlarge or modify any substantive right.' " (*Kamen*, 500 U.S. at 96, 114 L. Ed. 2d at 164, 111 S. Ct. at 1716.) Likewise, we find that the demand requirement of section 7.80(b) merely governs the adequacy of the pleadings and the applicable legal theory. (See *Karris*, 72 Ill. App. 3d at 354.) Although plaintiff emphasizes the importance of the demand requirement, *Kamen* states that "the contours of the demand requirement—when it is required, and when excused—determine *who* has the power to control corporate litigation." (Emphasis in original.) (*Kamen*, 500 U.S. at 101, 114 L. Ed. 2d at 167, 111 S. Ct. at 1719.) While the power to control corporate litigation may have an impact on the applicable legal theory, this power has nothing to do with the occurrence which produced the litigation. Thus, whether a case is "demand made" or "demand futile" has no impact on whether two actions arise out of the same transaction or occurrence. Lastly, plaintiff's statement from *Kamen*—that the demand doctrine "is a matter of 'substance' and not 'procedure' "—appears in the context of a choice of law analysis under *Erie R.R. Co. v. Tompkins* (1938), 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817, and merely refers to the fact that the demand doctrine is an integral part of a State statute. See *Kamen*, 500 U.S. at 96-97, 114 L. Ed. 2d at 164, 111 S. Ct. at 1716; *Daily Income Fund, Inc. v. Fox* (1984), 464 U.S. 523, 544 n.2, 78 L. Ed. 2d 645, 660 n.2, 104 S. Ct. 831, 842 n.2 (Stevens, J., concurring).

■ The plaintiff argues that even if demand is only a legal strategy, *Kellerman* establishes that there is no identity of causes when two cases involve different legal strategies. However, *Kellerman* held that if two cases involved different legal theories, that fact could be a *consideration* in deciding if the trial court acted within its discretion

in *denying* a motion for dismissal. (See *Kellerman*, 112 Ill. 2d 428.) Thus, *Kellerman* did not forbid dismissal when two cases involved different legal theories. Plaintiff's argument is also contrary to several holdings of this court. In *Katherine M.*, the defendants in State court sought dismissal based on a pending Federal case. Although the State case had made State-law claims unavailable in the Federal case, this court held that fact "irrelevant to the determination of a section 2—619(a)(3) motion" when both cases sought to remedy the same problem. (*Katherine M.*, 254 Ill. App. 3d at 487 (trial court abused its discretion by not granting motion to dismiss).) In *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31, different claims and legal theories for recovery did not matter when both claims arose from the same set of facts. *Forsberg* likewise held that different legal theories did not matter and that the trial court properly dismissed its case. See *Forsberg,* 151 Ill. App. 3d at 373.

■ Lastly, the plaintiff argues that section 2—619 should not apply to separate derivative actions for public policy reasons. We disagree. Plaintiff cites two cases—*Dresdner v. Goldman Sachs Trading Corp.* (1934), 240 A.D. 242, 269 N.Y.S. 360, and the Delaware Supreme Court case of *Auerbach v. Cities Service Co.* (1958), 37 Del. Ch. 381, 143 A.2d 904—as "uncontradicted authority" that the trial court abused its discretion. However, *Dresdner* did not grant an unconditional right to shareholders to maintain a separate derivative action. *Dresdner* reversed the dismissal of its derivative action "on condition that plaintiffs offer to stipulate [that] *** an order may be entered consolidating this action with the prior consolidated actions by stockholders. ***[O]therwise, the orders and judgment are unanimously affirmed, with costs, in the exercise of discretion and not as a strict legal right." (*Dresdner*, 240 A.D. at 250, 269 N.Y.S. at 369.) Thus, a New York court recently cited *Dresdner* to state, "Dismissal is warranted if there is substantial identity of the parties in the two actions and of the two causes of action." (*Forget v. Raymer* (1978), 65 A.D.2d 953, 954, 410 N.Y.S.2d 483, 484.) Another New York case examining *Dresdner, Leven v. Birrell* (1949), 91 N.Y.S.2d 729, was quite similar to the instant matter. *Leven* stated that "the *Dresdner* case also provides the satisfactory method of handling the actions. It disposes of the application to dismiss by granting it unless the plaintiffs consent to a consolidation of their action with that already pending." (*Leven,* 91 N.Y.S.2d at 731.) In examining its motion to dismiss a separate shareholder derivative suit, *Leven* held:

> "The [dismissal] rule refers to another action pending 'for the same cause.' This does not mean the same cause of action but

substantially the same state of facts upon which relief is requested. \*\*\*

　There is, therefore, no impediment to the alternative for dismissal provided in the *Dresdner* case, supra." (*Leven*, 91 N.Y.S.2d at 731.)

We likewise conclude that dismissal is appropriate in this matter. *Auerbach*, the other case plaintiff relies upon, affirmed a discretionary refusal to dismiss on the basis that a second party may have legitimate reasons to file suit, including additional facts, vigilance, skill and initiative. Thus, like *Kellerman*, *Auerbach* merely recites factors which may make proper the denial of a motion for dismissal, and the case cannot support plaintiff's contention that the trial court abused its discretion in granting dismissal.

　Precedents in this State also contradict the plaintiff's theory that public policy supports separate derivative suits. "The stockholders' remedy in Illinois is to intervene in the action once they have noticed their interests are not being protected." (*Sax v. Sax* (1977), 48 Ill. App. 3d 431, 434 n.2, 336 N.E.2d 16; *Shlensky*, 44 Ill. App. 2d at 140-42; *Duncan*, 14 Ill. App. 2d at 298-300.) Because the shareholder's interest is identical with that of the other party commencing the litigation, the shareholder is adequately represented by the other party if that party is diligent in its prosecution of the action. (*Lurie v. Rupe* (1964), 51 Ill. App. 2d 164, 179, 201 N.E.2d 158 (allowed intervention on allegation of collusive inadequate settlement).) Under the plaintiff's theory, after one shareholder had sued and presented her demand to the board, another shareholder could *always* file a separate, simultaneous derivative suit on the theory that demand had been futile. However, in *Duncan*, this court stated, "[A] stockholder or stockholders may assert the rights of the corporation 'either individually or as the representative of the class,' but *we do not construe this language as a license to stockholders to burden the courts of this State with separate, simultaneous derivative suits for the same cause of action.*" (Emphasis added.) (*Duncan*, 14 Ill. App. 2d at 295.) Accordingly, the trial court in this matter acted within its discretion, and we affirm the dismissal of plaintiff's complaint under section 2—619.

## II

■ Addressing the plaintiff's second appeal, a section 2—1401 petition must set forth a meritorious defense or claim in the original action and the petitioner's due diligence in both presenting the claim and filing the petition. (*Klein v. La Salle National Bank* (1993), 155 Ill. 2d 201, 205, 613 N.E.2d 737.) The section 2—1401 petition allows

a party to bring before the court matters unknown to the party and the court at the time of judgment which would have precluded its entry. (*Krol v. Wincek* (1994), 258 Ill. App. 3d 706, 708, 630 N.E.2d 1021.) Relief is appropriate only where the petition's allegations are proved by a preponderance of the evidence. (*Klein*, 155 Ill. 2d at 205.) On appeal from a disposition for section 2—1401 relief, the standard applied by reviewing courts is whether the trial court abused its discretion. *Klein*, 155 Ill. 2d at 206.

■ The trial court held that plaintiff did not set forth a meritorious claim for three reasons: (1) *Miller* was still pending on appeal, (2) *Miller* acted as *res judicata* as to plaintiff's complaint, and (3) *Miller* adjudicated plaintiff's claim on the merits. Analyzing the first issue, that *Miller* continued during its appeal to bar plaintiff's complaint under section 2—619, the plaintiff's brief addressed the court's holding with a one-paragraph footnote which cited no authorities. Supreme Court Rule 341(e)(7) provides that the appellant's brief shall contain the contentions of the appellant and the reasons thereof, with citations of authorities. (145 Ill. 2d R. 341(e)(7).) Thus, because plaintiff failed to cite any authority to support her arguments, we deem her arguments waived. (*Pyskaty v. Oyama* (1994), 266 Ill. App. 3d 801, 822, 641 N.E.2d 552; *Brown v. Tenney* (1988), 125 Ill. 2d 348, 362, 532 N.E.2d 230.) Plaintiff's characterization that the trial court "mentioned" this issue "in passing" is contradicted by the record. The defendants spent two pages presenting this issue in their objection to the petition, and the trial court stated, "Finally, this court agrees with the defendants that the *Miller* case is still pending on appeal and, therefore, the plaintiff's motion will be denied."

Even were we to confront this issue, we agree with the trial court that *Miller* was still "pending" under section 2—619 while it was on appeal. This court has stated that dismissal under section 2—619 is appropriate when there is a danger of inconsistent results from duplicative suits. (*Southwest Financial Bank v. McGrath* (1990), 200 Ill. App. 3d 736, 739, 558 N.E.2d 441.) As *Miller* might be reversed on appeal and continue to conclusion, this danger has not yet been extinguished. Several cases have upheld the dismissal of a complaint when the same claim was pending on appeal. (*Wheatley v. International Harvester Co.* (1988), 166 Ill. App. 3d 775, 520 N.E.2d 975; *In re Ordinance Requesting the Annexation of Certain Territory to the Village of Willowbrook* (1965), 62 Ill. App. 2d 45, 46, 210 N.E.2d 25.) A recent Federal case in the seventh circuit analyzing Illinois law and section 2—619(a)(3) is applicable to this matter, as *Locke v. Bonello* (7th Cir. 1992), 965 F.2d 534, held that section 2—619(a)(3) would apply to a case pending on State appeal. With *Miller* still pending on

appeal, the trial court acted within its discretion in concluding that the plaintiff did not state a meritorious claim.

We also agree with the court's second reason that the plaintiff did not have a meritorious claim—that *res judicata* barred her suit. Under this doctrine, a final judgment rendered on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. (*Torcasso v. Standard Outdoor Sales, Inc.* (1993), 157 Ill. 2d 484, 490, 626 N.E.2d 225; *People ex rel. Burris v. Progressive Land Developers, Inc.* (1992), 151 Ill. 2d 285, 294, 602 N.E.2d 820.) Where there is identity of the parties, subject matter, and cause of action, the doctrine of *res judicata* extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it. (*Torcasso*, 157 Ill. 2d at 490; *Progressive*, 151 Ill. 2d at 294.) The burden of establishing *res judicata* is upon the party invoking it. *Torcasso*, 157 Ill. 2d at 491.

The plaintiff first disputes that her cause of action is the same as in *Miller*. A cause of action consists of a single group of facts giving the plaintiff a right to seek redress for a wrongful act or omission of the defendant. (*Torcasso*, 157 Ill. 2d at 490.) Although a single group of operative facts may give rise to the assertion of more than one theory of recovery, assertions of different theories of relief arising out of a single group of operative facts constitute but a single cause of action. (*Torcasso*, 157 Ill. 2d at 491; *Progressive*, 151 Ill. 2d at 295.) If the same facts are essential to maintain both proceedings or the same evidence is necessary to sustain the two, there is identity between the causes of action asserted, and *res judicata* bars the latter one. *Torcasso*, 157 Ill. 2d at 491 (*res judicata* not applicable because necessary evidence differed substantially); *Progressive*, 151 Ill. 2d at 295.

Applying these doctrines to the instant matter, the plaintiff and *Miller* instigated the same cause of action because they alleged the same defendants breached the same duties. As to the count regarding plant construction, the defendants' breach of duty in their construction oversight is the single group of facts giving the *Miller* plaintiffs and this plaintiff a remedy against the defendants. Thus, in *Miller* and the instant case, the plaintiffs would need the same evidence to establish these breaches and obtain any recovery. Likewise, where *Miller* and plaintiff both attacked the current directors' decision not to take action, the same facts would be at issue in both cases—facts on whether litigation would be beneficial for Edison. The only differences between *Miller* and plaintiff's complaint are the demand al-

legations. However, they are merely technical requirements to sustain the plaintiff's first count, and demand futility would only change the burden of proof on the plaintiff's second count. We agree with a recent corporate *res judicata* case, in which *res judicata* applied where "each count or theory of the second suit is bottomed on the same duties allegedly owed by defendant—duties which were the basis for the recovery in the second suit." (*Agriserve, Inc. v. Belden* (1994), 268 Ill. App. 3d 828, 836, 643 N.E.2d 1193.) Because the plaintiff's demand allegations do not change the duties owed or the facts at issue to demonstrate a breach, plaintiff's complaint and *Miller* contain the same cause of action.

*Agriserve* analyzed its case under sections 24 and 25 of the Restatement (Second) of Judgments, and these sections also support the trial court's ruling. Section 24 states:

"When a valid and final judgment rendered in an action extinguishes the plaintiff's claim *** the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." (Restatement (Second) of Judgments § 24, at 196 (1982).)

Section 25 states, "The rule of section 24 applies to extinguish a claim against the defendant even though the defendant is prepared in the second action: (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." (Restatement (Second) of Judgments § 25, at 209 (1982).) Thus, plaintiff's new demand allegations are barred under section 25 as the claim arises out of the same actions of defendants from which *Miller* arose. See *Agriserve*, 268 Ill. App. 3d at 833 ("the substantial facts of plaintiff's second complaint were before the court at the time of the first complaint").

Other courts have specifically denied the right for another shareholder to relitigate an alleged harm. *Duncan* stated:

"[T]he wrong to be redressed is the wrong done to the corporation and as the corporation is a necessary party to the suit, it inevitably follows that there can be but one adjudication on the rights of the corporation. And it is undoubted law that the judgment in the state court is an estoppel and a finality not only as to all matters actually litigated in the suit but also as to all matters which were not but might have been presented to the court and passed upon therein." (*Duncan*, 14 Ill. App. 2d at 296, citing *Landon v. Bulkley* (2d Cir. 1899), 95 F. 344.)

Two New York cases have also held that judgment in one stockholder's derivative action is *res judicata* as to all other actions based on

the same wrong. (*Parkoff v. General Telephone & Electronics Corp.* (1981), 53 N.Y.2d 412, 425 N.E.2d 820, 442 N.Y.S.2d 432; *Auerbach v. Bennet* (1978), 64 A.D.2d 98, 408 N.Y.S.2d 83.) Although plaintiff argues that she should be not be bound by the poor strategy of the *Miller* plaintiffs, two courts examining derivative suits have stated:

> "That the case in the State Court may not have been properly tried, as plaintiff now intimates, does not in any way militate against the finality of the judgment there entered. The corporation and its stockholders have had their day in court, and the result is final." *Ratner v. Paramount Pictures, Inc.* (1942), 6 F.R.D. 618, 620, citing *Dana v. Morgan* (2d Cir. 1916), 232 F. 85.

The plaintiff also contends that she is not the same party and is not in privity with the plaintiffs in *Miller*. Privity is said to exist between parties who adequately represent the same legal interests. (*Progressive*, 151 Ill. 2d at 296.) It is the identity of interest that controls in determining privity, not the nominal identity of the parties. (*Progressive*, 151 Ill. 2d at 296.) In the instant matter, the identity of interest between the plaintiff and the *Miller* plaintiffs was identical—recovery to Edison and its shareholders for the defendants' breach of their duties. Thus, the plaintiff and the *Miller* plaintiffs were in privity for *res judicata* purposes. (See *Duncan*, 14 Ill. App. 2d at 296 (corporation the real party in derivative shareholder actions, thus *res judicata* should apply).) Because there is identity of the parties, subject matter, and cause of action between this case and *Miller*, *res judicata* bars plaintiff's petition to reassert her claim.

Because of our agreement with the trial court's first two reasons for denying the petition, we need not examine the trial court's third rationale.

For the foregoing reasons, the judgments of the trial court are affirmed.

Affirmed.

GORDON and McNULTY, JJ., concur.