SOUTHWEST FINANCIAL BANK OF ORLAND PARK, Plaintiff-Appellant, v. JACQUELINE McGRATH, Defendant-Appellee.

First District (4th Division)   No. 1—89—2035

Opinion filed June 28, 1990.

C. Richard Farmer and Carol S. McMahan, both of Carroll, Hartigan & McCauley, Ltd., of Chicago, for appellant.

Martin J. McNally, of Hilliard & McNally, of Olympia Fields, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Southwest Financial Bank of Orland Park (Southwest), appeals from an order of the trial court dismissing its foreclo-

sure action against the defendant, Jacqueline McGrath, on the grounds that there was another action pending between the same parties for the same cause. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3).) Although Southwest had moved only for the dismissal of McGrath's affirmative defense, the trial court on its own motion dismissed the entire action. Southwest contends on appeal that the trial court abused its discretion in dismissing the foreclosure action. Southwest also contends that the affirmative defense filed by McGrath was properly dismissed on the grounds that McGrath had another action pending in Federal court for the same cause.

On October 31, 1988, Southwest filed its amended complaint for foreclosure against McGrath alleging a default in the terms of the underlying note and mortgage. In response McGrath filed an answer setting forth an affirmative defense. Essentially, the affirmative defense recited that on June 27, 1988, Fidelity Guaranty Life Insurance Company filed a Federal interpleader action naming McGrath and Southwest as defendants. The action was brought to determine the distribution of proceeds from a life insurance policy on the life of Brian McGrath, Jacqueline McGrath's husband. McGrath filed a cross-claim against Southwest in the interpleader action alleging economic coercion, breach of fiduciary duty, breach of the duty of good faith and fair dealing, intentional interference with a contractual relationship and conspiracy based on Southwest's assertion of a claim upon the life insurance proceeds. McGrath's cross-claim alleged that she, Brian McGrath and two other persons obtained a personal loan which was secured by the life insurance policy and other assets. The mortgage involved in the instant cause was then obtained, and the proceeds were used to satisfy the initial loan. The cross-claim further alleged that Southwest had no valid claim upon the life insurance proceeds. In her affirmative defense to the foreclosure action here, McGrath alleged that "[Southwest] knew that by making a claim on the life insurance proceeds that SOUTHWEST had reduced [McGrath's] ability to repay any obligations." The affirmative defense further alleged that the Federal court "dismissed [Southwest's] claim to the insurance proceeds, but the proceeds remain tied up in litigation."

Southwest moved to dismiss McGrath's affirmative defense pursuant to section 2—619(a)(3) of the Code of Civil Procedure on the grounds that there was another action pending between the same parties for the same cause. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3).) McGrath then moved to withdraw her answer and to dismiss the foreclosure action pursuant to section 2—619(a)(3).

Following a hearing on Southwest's motion to dismiss the affirma-

tive defense, the trial court found that there was a substantial similarity of issues between the foreclosure action and the Federal interpleader action based on transactions involving a personal loan secured by the life insurance policy, a second loan secured by the mortgage and note, and use of proceeds from the second loan to satisfy the initial loan and the assignment or release of the insurance policy. The court then issued an order stating that "this action is dismissed sua sponte pursuant to Section 2—619(a)(3) as a prior pending action exists in the federal court."

Southwest first contends that the trial court abused its discretion in dismissing the foreclosure action because it does not involve the "same cause" as the Federal interpleader action.

■■ Section 2—619(a)(3) of the Code of Civil Procedure provides that a party against whom a claim is asserted may seek an involuntary dismissal of the action or other appropriate relief upon the grounds that there is another action pending between the same parties for the same cause. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3).) In *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428, 429, the Illinois Supreme Court considered the "same cause" requirement and stated that actions are for the same cause "when relief is requested on substantially the same state of facts." In *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 27, the court stated that "[t]he purpose of section 48(1)(c) [recodified as section 2—619(a)(3)] is to avoid duplicative litigation [citations], and the trial court's analysis should be geared toward effectuating that purpose." The court further interpreted section 2—619(a)(3) as giving the trial court discretion to refuse to dismiss an action even where there exists another action pending between the same parties for the same cause where it determines that both actions should proceed. In *Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 447-48, 493 N.E.2d 1045, 1053, the court held that the factors which should be considered in determining whether relief under section 2—619(a)(3) is warranted include, "comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum."

■■ In the case at bar, the only action pending between Southwest and McGrath in Federal court is McGrath's cross-claim against Southwest for economic coercion, breach of fiduciary duty and the duty of good faith and fair dealing, interference with a contractual relationship and conspiracy. Southwest's claim to the insurance proceeds has been dismissed. The issue of mortgage foreclosure is not before

the Federal court, nor are any of the underlying facts or documents which would support foreclosure. There is therefore no likelihood that Southwest would obtain complete relief in the Federal court unless it initiated a complaint for mortgage foreclosure. However, if Southwest were to file its foreclosure claim in the Federal court, the court would be faced with deciding a new issue on facts not currently before it. Thus, considerations of comity, multiplicity of actions and *res judicata* do not apply. There is no evidence of vexation or harassment because Southwest did not initiate the Federal court action and is not seeking to prosecute the same cause in different forums. Essentially, Mc-Grath's argument appears to be that the Federal case involves proceeds which would have been available to pay the mortgage had Southwest not made a claim upon them. McGrath has failed to explain the relevance of this argument to the issue of mortgage foreclosure. In our view, the trial court abused its discretion in dismissing Southwest's foreclosure action pursuant to section 2—619(a)(3).

■■ The next issue is whether the trial court acted properly in dismissing McGrath's affirmative defense. Section 2—619(a)(3) allows the trial court discretion to dismiss an action or to grant other appropriate relief to avoid duplicative litigation where there is another action pending between the same parties for the same cause. As stated earlier, McGrath's affirmative defense recited essentially the same allegations contained in her cross-claim against Southwest in the Federal interpleader action. A determination of those allegations would involve litigation of the same issues which are currently before the Federal court and would therefore pose a danger of inconsistent results. In our view, the court properly dismissed the affirmative defense.

Accordingly, the judgment of the circuit court is affirmed in part, reversed in part and remanded to the trial court for further proceedings.

Affirmed in part; reversed in part and remanded.

McMORROW, P.J., and JOHNSON, J., concur.