2020 IL App (1st) 192234

FIRST DISTRICT
FOURTH DIVISION
September 10, 2020

No. 1-19-2234

|  |  |  |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Abs Capital I Inc. Trust 2004-WMC2, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 17 CH 4884 |
| v. | ) ) | |
| JAMES CORTEZ, | ) ) | |
| | ) | Honorable |
| | ) | Darryl B. Simko, |
| Defendant-Appellant. | ) | Judge Presiding. |
| | ) | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1     In this mortgage foreclosure action, defendant James Cortez (defendant) appeals the

circuit court of Cook County's entry of an order approving the sale of the property in question in

favor of plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS

Capital I Inc. Trust 2004-WMC2 (plaintiff). Defendant's contention on appeal is that justice was

not otherwise done in this case, where he had entered into a loan modification agreement with

plaintiff, and thus, the circuit court erred in entering the order approving sale under section 15-

1508(b)(iv) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1508(b)(iv) (West 2018)). Defendant further contends, separate and apart from his argument under section 15-1508(b)(iv), that the amount of the surplus awarded in the order approving the sale was in error where it did not account for payments he made totaling $7800. Because the deed to the property subsequently vested to a third party, under section 15-1509(c) of the Foreclosure Law (735 ILCS 5/15-1509(c) (West 2018)), we affirm the judgment of the circuit court confirming the sale of the property. However, we remand the matter for further proceedings for the circuit court to conduct a hearing to determine the correct amount of the surplus and to modify the order approving the sale accordingly.

¶ 2                                    I. BACKGROUND

¶ 3      Plaintiff filed a complaint to foreclose a mortgage against defendant on April 4, 2017, for a property located at 3539 Vernon Avenue, Brookfield, Illinois (the property). In its complaint, plaintiff alleged that it was the legal holder of the indebtedness and that defendant was in default for failure to pay his November 2015 mortgage payment.

¶ 4      Thereafter, defendant was served by publication. When defendant failed to appear, a default judgment of foreclosure was entered on May 15, 2018. The judgment of foreclosure provided that defendant owed $150,723.53 in principal, accrued interest, advances, and late fees as of March 9, 2018.

¶ 5      In July 2018, plaintiff noticed the judicial sale for August 16, 2018. On August 15, 2018, defendant, with the assistance of counsel, filed an emergency motion to stay the sale. In the motion, defendant argued that he believed he was under a loan modification with plaintiff, since plaintiff had accepted numerous payments from him. Defendant attached to his motion a printout from his bank that demonstrated payments made to the servicer of his mortgage loan in the

amount of $1410 each month from September 2017 through May 2018. Defendant requested more time to ascertain how these payments were accounted for by plaintiff. The following day, his motion was withdrawn as plaintiff had voluntarily rescheduled the judicial sale for September 17, 2018. Just before the September sale, Defendant filed a *pro se* motion to stay the sale. The circuit court granted the motion and ordered the sale to take place on November 9, 2018, or thereafter.

¶ 6　　In May 2019, a notice of sale was sent to defendant's counsel of record as well as to the unknown owners and nonrecord claimants at the property address. At the June 2019 sale, the property was sold to a third-party bidder for $205,000.

¶ 7　　On June 12, 2019, defendant filed an emergency motion to stay and vacate the sale, arguing that he believed he was in a modification agreement with plaintiff as plaintiff had been accepting his monthly mortgage payments. Defendant requested more time to explore loss mitigation options or to redeem the property.

¶ 8　　On June 21, 2019, the third-party bidder filed a motion to confirm the sale. At the hearing on the motion to confirm the sale, defendant's motion to vacate and defendant's counsel's appearance, as well as the third-party bidder's motion, were stricken by the circuit court. The circuit court then granted defendant until July 19, 2019, to file an appearance.

¶ 9　　On July 17, 2019, plaintiff filed a motion to confirm the sale, which was set for July 29, 2019. On July 26, 2019, defendant's new counsel filed an appearance.

¶ 10　　At the hearing on the motion to confirm the sale, the circuit court set a briefing schedule. In response to the motion, defendant argued that he had applied and was approved for a trial payment plan that required him to pay $1454.11 for three months (December 2018-February 2019). Defendant maintained he completed the trial payment plan and signed and returned the

final modification agreement to plaintiff as requested. Defendant further argued that he made two payments pursuant to the final modification agreement, which plaintiff accepted until May 2019 when that payment was returned. The final loan modification agreement set forth a mortgage payment amount of $1410.21. Defendant asserted that plaintiff breached the loan modification agreement by going forward with the foreclosure sale. Attached to his response were printouts from his bank's website indicating that amounts ranging from $1500 to $1600 had been withdrawn from his account from December 2018 through April 2019 and paid to "Homeq Servicing Corporation." He further attached an unsigned copy of the trial period plan offered by plaintiff. No affidavit was attached to defendant's response.

¶ 11    In reply, plaintiff recognized that defendant was asserting that the sale should not be confirmed under the "justice was not otherwise done" clause of section 15-1508(b)(iv) of the Foreclosure Law. Plaintiff first recognized that defendant made all the required payments under the trial payment plan. Plaintiff maintained, however, that it had forwarded defendant a final modification agreement on February 28, 2019, but it was never signed and returned. Accordingly, because defendant did not execute the permanent modification agreement, the plaintiff was allowed to proceed with the judicial sale of the home. Plaintiff attached to its reply a copy of the unsigned final modification agreement. No affidavit was attached to plaintiff's reply.

¶ 12    Defendant appeared *pro se* at the hearing on the motion to confirm the sale, as his counsel had withdrawn from the case. There is no record of proceeding on the hearing for the motion to confirm the sale. However, the circuit court allowed defendant to enter into the record a handwritten letter that provided background on his ownership of the property and his desire for a loan modification.

¶ 13     After considering this letter and the arguments of the parties, the circuit court entered the order approving the sale. It provided for a $24,598.35 surplus, but the report of sale and distribution did not appear to include any credits for the payments made by defendant from December 2018 through April 2019 totaling $7800. This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15     Prior to examining the claims at issue, we will first address plaintiff's argument that we must affirm the decision of the circuit court solely based on the lack of an adequate record. Citing *Gataric v. Colak*, 2016 IL App (1st) 151281, ¶ 29, plaintiff asserts that the lack of a report of proceedings of the hearing on the order approving the sale requires this court to presume that the circuit court's order had a sufficient factual basis and that it conforms with the law. We decline to make such a presumption in this case as the record is sufficient for our review. The parties' arguments on appeal are substantially similar to those presented to the circuit court when briefing the motion to confirm the sale of the property. Additionally, the circuit court had before it the same documents attached to those pleadings that have been presented for our consideration. There is no argument raised in this appeal that is dependent on the arguments of trial counsel or statements made by the circuit court during the hearing on the motion to confirm the sale. Therefore, we decline to adopt plaintiff's position.

¶ 16                              A. Standard of Review

¶ 17     We now turn to address our standard of review. Defendant's primary argument on appeal is that questions of material fact remained at the time the order approving the sale was entered as to whether or not defendant had accepted the loan modification. We note that defendant's attempt to apply a summary judgment standard to the entry of an order approving the sale is not appropriate. The Foreclosure Law, and the case law interpreting it, is clear that whether the order

approving the sale was proper is reviewed for an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). "The circuit court abuses its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court." *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 18. The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.

¶ 18     In this appeal, defendant maintains that the circuit court erroneously confirmed the sale of the property where justice was not otherwise done under section 15-1508(b)(iv) of the Foreclosure Law. 735 ILCS 5/15-1508(b)(iv) (West 2018). Defendant asserts that the evidence presented by both sides demonstrated that there was a question regarding whether defendant had entered into a loan modification agreement with plaintiff so as to preclude confirmation of the sale. In response, plaintiff contends that section 15-1508(b)(iv) is inapplicable to situations involving loan modifications.

¶ 19     Under the Foreclosure Law, the circuit court shall confirm the sale of the property unless it finds that one of four grounds exist to disapprove the sale: "(i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done." 735 ILCS 5/15-1508(b) (West 2018); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4 (2010). The Foreclosure Law expressly provides that when "shall" is used, it means that something is mandatory and not permissive. 735 ILCS 5/15-1105(b) (West 2018); *Lewis*, 229 Ill. 2d at 178 (holding the trial court must approve the  judicial sale unless it finds that any of the four specified exceptions in section 15-1508(b) of the Foreclosure Law are present). Our supreme court has explained that a borrower seeking relief under section 15-1508(b)(iv) must

demonstrate "either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 26.

¶ 20                              B. Section 15-1508(b)(iv) of the Foreclosure Law

¶ 21    We first turn to address plaintiff's contention that defendant's "purported modification attempt" is not a valid basis to deny confirmation of the sale under section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2018)). While plaintiff acknowledges that our supreme court has viewed section 15-1508(b) as a "safety valve to allow the court to vacate the judicial sale *** based on traditional equitable principles" (*McCluskey*, 2013 IL 115469, ¶ 25), plaintiff also observes that in order to utilize the "justice not otherwise done" clause, a party must demonstrate either an unconscionably low sales price or an error in the sale process (see *NAB Bank v. LaSalle Bank, N.A.*, 2013 IL App (1st) 121147, ¶¶ 18-19). We disagree that the "justice not otherwise done" clause is limited in such a strict interpretation.

¶ 22    Our supreme court set the parameters for what constitutes an injustice under section 15-1508(b)(iv) of the Foreclosure Law in *McCluskey*. According to the court, section 15-1508(b)(iv) "appears to merely codify the long-standing discretion of the courts of equity to refuse to confirm a judicial sale." *McCluskey*, 2013 IL 115469, ¶ 19. The court observed that "[l]ong before the codification of the Foreclosure Law, courts have retained the power to vacate a sale where unfairness is shown that is prejudicial to an interested party." *Id.* This discretion, however, " 'must be exercised in accordance with established principles of law' " and cannot be used to protect an interested party " 'against the result of his own negligence.' " *Id.* (quoting *Shultz v. Milburn*, 366 Ill. 400, 403-05 (1937)). The *McCluskey* court further noted that our appellate

court, when considering the justice provision of section 15-1508(b)(iv), has "balanced the interests of the parties and exercised its equitable authority to vacate a sale, applying traditional equitable principles." *Id.* ¶ 20; see *Fleet Mortgage Corp. v. Deale*, 287 Ill. App. 3d 385, 386-87 (1997) (vacating a judicial sale where the lender mistakenly proceeded with the sale after the borrowers had exercised their right to redeem and sold the property to another party for the full judgment amount); *Commercial Credit Loans, Inc. v. Espinoza*, 293 Ill. App. 3d 915, 928 (1997) (finding that justice was not otherwise done where, coupled with a sales price that represented one-sixth of the property's proven, fair market value, the lender's conduct in repeatedly ignoring the borrower's requests about what steps she should take to redeem the property prevented her from pursuing her right to redeem).

¶ 23     Our supreme court also acknowledged that the statutory framework of the Foreclosure Law reveals that

> "once a motion to confirm the sale under section 15-1508(b) has been filed, the court has
> the discretion to see that justice has been done, but the balance of interests has shifted
> between the parties. At this stage of the proceedings, objections to the confirmation under
> section 15-1508(b)(iv) cannot be based simply on a meritorious pleading defense to the
> underlying foreclosure complaint." *McCluskey*, 2013 IL 115469, ¶ 25.

Rather, "the justice provision under section 15-1508(b)(iv) acts as a safety valve to allow the court to vacate the judicial sale and, in rare cases, the underlying judgment, based on traditional equitable principles." *Id.*

> "To vacate *both* the sale and the underlying default judgment of foreclosure, the borrower
> must not only have a meritorious defense to the underlying judgment, but must establish
> under section 15-1508(b)(iv) that justice was not otherwise done because *either* the

lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, *or* the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." (Emphases added.) *Id.* ¶ 26.

In this case, defendant is not asserting that plaintiff prevented him from raising a meritorious defense to the complaint but maintains that he was prevented from protecting his property interests where he had entered into a final loan modification agreement with plaintiff.

¶ 24     Particularly applicable to this case is our supreme court's acknowledgement that in *Deale* and *Espinoza* "it was the lender's conduct that prevented the borrowers from protecting their interest in the property and affected their right to redeem the property, which underpinned the court's finding of injustice under section 15-1508(b)." *Id.* ¶ 22. While the case at bar does not involve defendant's attempt to redeem the property, it does involve a question of whether the lender's conduct prevented him from protecting his interest in the property. Specifically, where, as here, the parties agree that defendant completed a trial payment plan and was offered a final loan modification agreement. The question that went unanswered before the circuit court was whether the signed, final loan modification agreement was sent by defendant and whether any error on the part of plaintiff contributed to the failure of the final loan modification agreement from being executed. See *id.* ¶ 24 (it is the lender's prerogative, after a judicial sale, to accept other terms). The execution of the final loan modification agreement would have effectively protected defendant's interest in the property. Accordingly, confirming a judicial sale where such an agreement was in place would be inequitable and would arguably fall within the "justice not otherwise done" clause of section 15-1508(b)(iv).

¶ 25     As made clear by our supreme court, the justice clause is a codification of the court's

power to vacate a sale "where unfairness is shown that is prejudicial to an interested party." *Id.* In order to support the vacatur of the court's order, the injustice must be great enough to outweigh the need to establish stability in the sale process. *Id.* ¶ 25; see *BMO Harris Bank, N.A. v. Wolverine Properties, LLC*, 2015 IL App (2d) 140921, ¶ 26. Where, as here, there is a question as to whether the parties entered into a loan modification agreement, the equitable result is to, at a minimum, conduct an evidentiary hearing on the issue. See *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 52; *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 265 (2008). Neither defendant nor plaintiff provided affidavits to authenticate their positions as to the status of the loan modification. Both parties, however, agree that defendant had been making payments under the trial payment plan and that his compliance with the trial payment plan provided him with an offer to execute a final modification agreement with plaintiff. Defendant asserted that he signed and returned the final modification agreement. Plaintiff, on the other hand, maintains that no such document exists. Neither of these statements are backed by affidavits made under oath or any other similar form of corroborating evidence. Furthermore, while defendant's evidence was not authenticated, his allegations that payments were made by him and accepted by plaintiff after the trial payment plan ended does support his position that a final modification agreement was contemplated by the parties. Both parties were remiss in their failure to provide affidavits, but this lack of affidavits could have easily been cured had the circuit court conducted an evidentiary hearing. Accordingly, the proper course of action here would have been for the circuit court to conduct an evidentiary hearing regarding the status of defendant's loan modification prior to confirming the sale.

¶ 26    In reaching this conclusion we have considered *NAB Bank*, 2013 IL App (1st) 121147, which plaintiff cites to support its contention that the justice clause can operate to undo a sale

only where there are serious defects in the actual sale process. We find *NAB Bank* to be inapplicable to the case at bar. First, *NAB Bank* involved a levy sale pursuant to the levy statute (735 ILCS 5/12-144.5 (West 2010)), not a judicial sale under the Foreclosure Law. *NAB Bank*, 2013 IL App (1st) 121147, ¶ 6. Second, while the *NAB Bank* court examined the Foreclosure Law to assist in resolving the issues presented, it did not have the benefit of our supreme court's *McCluskey* decision, which specifically addressed the justice clause of section 15-1508(b). See *McCluskey*, 2013 IL 115469, ¶ 19. Lastly, the *NAB Bank* defendant specifically maintained that the sales price of the property was inadequate and unconscionable. *NAB Bank*, 2013 IL App (1st) 121147, ¶ 15. The sale price of the property here, however, is not at issue as the sale price more than satisfied the judgment resulting in a surplus. As *NAB Bank* did not involve a sale pursuant to the Foreclosure Law and did not address section 15-1508(b)(iv) as it related to a potential loan modification having been executed between the parties, we find it to be inapplicable to the case at bar.

¶ 27          C. Implications of Section 15-1509(c) of the Foreclosure Law

¶ 28     Section 15-1509 of the Foreclosure Law provides that a deed shall be promptly executed to the holder of the certificate of sale upon their request after the confirmation of the sale and payment of amounts owed. 735 ILCS 5/15-1509(a) (West 2018). "Delivery of the deed executed on the sale of the real estate *** shall be sufficient to pass the title thereto." 735 ILCS 5/15-1509(b) (West 2018). Any vesting of title by deed pursuant to section 15-1509(b), unless otherwise specified in the judgment of foreclosure, "shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure." 735 ILCS 5/15-1509(c) (West 2018). Appellate court precedent provides that the language of section 15-1509 clearly bars "all claims" of the parties to the foreclosure once the

title by deed has been vested. See *BMO Harris Bank National Ass'n v. LaRosa*, 2017 IL App (1st) 161159, ¶ 19; *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30; see also *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 14 ("[u]nder section 15-1509, the party aggrieved by an erroneous judgment and a sale pursuant to that judgment cannot challenge the sale").

¶ 29      In the case at bar, the deed conveying title to the property was executed following the confirmation of the sale and recorded by the Cook County Recorder of Deeds on October 9, 2019.[1] Pursuant to section 15-1509(c) of the Foreclosure Law, the title to the property has vested by deed to a third party and, therefore, "all claims of the parties to the foreclosure" are barred. This includes defendant's claim that the circuit court abused its discretion when it confirmed the sale of the property, despite questions remaining regarding whether a final loan modification agreement had been executed by the parties. Accordingly, pursuant to section 15-1509(c), we are precluded from vacating the order approving the sale in this case as it pertains to defendant's loan modification argument. See 735 ILCS 5/15-1509(c) (West 2018).

¶ 30                          D. Challenge to Surplus Amount

¶ 31      Defendant separately challenges the amount of the surplus awarded in the order approving the sale and asserts that he is entitled to credit for $7800, which represents payments he made to plaintiff on the mortgage loan during the trial plan period and under the purported final loan modification agreement.[2] Defendant also briefly mentions that an amount of

---

[1]We acknowledge that the deed is not included in the record on appeal; however, we will take judicial notice of the deed as it is a public record and aids in the disposition of the matter. See *Village of Riverwoods v. BG Limited Partnership*, 276 Ill. App. 3d 720, 724 (1995) (noting that "[j]udicial notice is proper where the document in question is part of the public record and where such notice will aid in the efficient disposition of a case").

[2] We observe that the record suggests that defendant also made three mortgage payments in March 2018, April 2018, and May 2018 that were not accounted for in the judgment of foreclosure. We

$10,542.62 for "post-judgment advances not included in the judgment" was included in the order approving the sale, but what these advances are is "entirely unknown." In response, plaintiff argues that defendant has forfeited his argument by failing to raise the issue before the circuit court. Defendant candidly acknowledges his failure to raise this specific argument but asserts that he did object to the confirmation of the sale and did attach copies of the payments he made to plaintiff to his response. Defendant urges us to find, in the interests of fairness and justice, that his forfeiture is not a limitation on our ability to provide some sort of relief.

¶ 32    Issues not raised in the circuit court generally are forfeited and may not be raised for the first time on appeal. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 121 (2004). The forfeiture rule, however, is an admonition to the parties and not a limitation on the jurisdiction of this court. *Pennymac Corp. v. Jenkins*, 2018 IL App (1st) 171191, ¶ 23. This court may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent. *Id.* Accordingly, where it is possible that defendant paid plaintiff upwards of $7800 toward his mortgage obligation that was not accounted for, we will excuse defendant's forfeiture in order to obtain a just result.

¶ 33    While the deed has vested in this case, there are two exceptions to the bar presented by section 15-1509(c). The first is if the judgment was entered without personal or subject matter jurisdiction, which is not pertinent here. *Brewer*, 2012 IL App (1st) 111213, ¶ 15; 735 ILCS 5/15-1509(c) (West 2018). Another exception exists if there is a dispute involving the surplus proceeds from the sale. .*Brewer*, 2012 IL App (1st) 111213, ¶ 15; 735 ILCS 5/15-1509(c) (West 2018). In this instance, defendant is separately disputing the amount of the surplus provided in the order approving the sale, and therefore, this exception applies in this case. We also observe

---

further observe that the affidavit plaintiff asserted had been filed with the circuit court in support of its motion for judgment of foreclosure was not included in the record on appeal.

that the limits set forth in section 15-1508(b) are not applicable to the circumstances here, as a modification of the order approving the sale would not have the effect of setting aside the sale. See *CitiMortgage, Inc. v. Sharlow*, 2014 IL App (3d) 130107, ¶ 15; *Bank of America, N.A. v. Higgin*, 2014 IL App (2d) 131302, ¶ 21.

¶ 34      As discussed at oral argument, plaintiff's sole response to defendant's argument is that the order approving the sale should not be modified because defendant failed to present any admissible evidence to the circuit court regarding the payments he made. This argument, however, is belied by the record where plaintiff admits having returned the May 2019 payment to defendant. As previously observed, the amount of funds defendant claims to have provided to plaintiff were not set forth in an affidavit or sworn statement. The parties, however, agreed that defendant had made at least three payments as part of the trial payment plan that resulted in an offer for a final loan modification agreement. Thus, while neither party has presented competent evidence as to the exact amount of funds paid by defendant and plaintiff's allocation of those funds, there is sufficient evidence in the record to warrant a hearing regarding the proper amount of the surplus. Accordingly, we remand the matter to the circuit court for the limited purpose of conducting a hearing regarding the issue of the amount of the surplus.

¶ 35                                    III. CONCLUSION

¶ 36      For the reasons stated above, we affirm the judgment of the circuit court of Cook County, confirming the sale of the property, and remand the matter for further proceedings regarding the amount of the surplus.

¶ 37      Affirmed in part and remanded in part.

**No. 1-19-2234**

| | |
|---|---|
| **Cite as:** | *Deutsche Bank National Trust Co. v. Cortez*, 2020 IL App (1st) 192234 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-CH-4884; the Hon. Darryl B. Simko, Judge, presiding. |
| **Attorneys for Appellant:** | Arthur C. Czaja, of Niles, for appellant. |
| **Attorneys for Appellee:** | Douglas R. Sargent and Ryan A. Sawyer, of Locke Lord LLP, of Chicago, for appellee. |