2025 IL App (1st) 250349-U
Opinion filed: March 25, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-25-0349

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| SIDNEY MOORE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 COEL 000009 |
| | ) | |
| THORNTON TOWNSHIP ELECTORAL BOARD , | ) | |
| CHRISTOPHER GONZALEZ, LORETTA WELLS, | ) | |
| DARLENE GRAY EVERETT, and SHEILA ASHLEY, | ) | Honorable |
| | ) | John J. Tully, |
| Respondents-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Where the petitioner failed to comply with the procedural requirements of the Election Code, we affirm the dismissal of the petition for judicial review of the Board's decision for lack of subject matter jurisdiction.

¶ 2    Petitioner-appellant, Sidney Moore, filed a petition for judicial review of the decision of respondent-appellee, the Thornton Township Electoral Board (Board), pursuant to section 10-10.1(a) of the Election Code (Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a))). Respondents-appellees, Shelia Ashley, the objector, and the Board, along with its members, Christopher Gonzalez, Loretta Wells, and Darlene Gray Everett (collectively, members) filed motions to dismiss the petition, pursuant to section 2-619(a)(1) of the Code of Civil Procedure

(735 ILCS 5/2-619(a)(1) (West 2022)), arguing that the circuit court lacked subject matter jurisdiction due to petitioner's failure to comply with the procedural requirements of section 10-10.1(a). The circuit court granted the motions to dismiss and petitioner appealed.[1] We affirm.

¶ 3      Petitioner filed nominations papers seeking the Democratic nomination for the office of Supervisor of Thornton Township, Cook County, Illinois in consolidated election to be held on April 1, 2025. Ashley filed objections to petitioner's election papers, arguing that petitioner's name should be removed from the ballot based on a violation of section 10-4 of the Election Code. See 10 ILCS 5/10-4 (West 2022). On December 17, 2024, the Board held a hearing on the objections to petitioner's nomination papers. Petitioner was represented by counsel. The members of the Board were Gonzalez, Wells, and Everett. On December 30, the Board issued and personally served its decision upon petitioner, sustaining the objections and finding petitioner's nomination papers invalid.

¶ 4      The Board also sustained additional objections to petitioner's nomination papers in a decision in case no. 25-TOEB-Sup-03, *Keith Price and Michael Smith v. Sidney Moore*, and petitioner filed a petition for judicial review of that decision in the circuit court (case no. 25 COEL 10). On January 30, 2025, the circuit court dismissed case no. 25 COEL 10 for lack of subject matter jurisdiction. This case is not part of this appeal.

¶ 5      On January 23, 2025, a petition for judicial review of the Board's decision relating to Ashley's objections (petition), which was prepared and signed by petitioner's counsel, was filed, in the circuit court, naming as respondents the Board, the members, and Ashley. No proof of service was filed with the petition. Between January 24 and January 28, petitioner, *pro se*, filed a

---

[1] On February 25, 2025, this court entered an order accelerating the briefing schedule and allowing the parties to file memoranda in lieu of briefs.

series of motions including motions to "amend petitions," "dispositive motion to strike and dismiss," and "petition for judicial review." Relevant here, in the motion to amend, petitioner claimed that his counsel was responsible for the delay in filing the petition and sought to file an amended petition deleting all references to petitioner's counsel. Petitioner filed several "proof(s) of delivery" with these motions, which are inconsistent, incomplete, and do not indicate that any of the respondents were served with the motions or with the petition by certified or registered mail. There is no indication in the record that the motion to amend was granted.

¶ 6    The Board, along with its members, and Ashley filed separate section 2-619(a)(1) motions to dismiss (735 ILCS 5/2-619(a)(1) (West 2022)) arguing that the circuit court lacked subject matter jurisdiction where petitioner failed to file the petition within five days of service of the decision and failed to serve a copy of the petition on each respondent in the statutorily prescribed manner in violation of section 10-10.1(a) of the Election Code (Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a))). More specifically, as to service, respondents argued that petitioner failed to file proof with the clerk of the circuit court that he had served the petition on each of the named respondents by certified or registered mail. Attached to the objector's motion, as exhibit three, was an email from petitioner's attorney to petitioner indicating that, on January 6 at 9:26 p.m. petitioner's attorney submitted, to the circuit court electronic filing system, documents related to trial court case no. 25 COEL 10.

¶ 7    On February 11, 2025, petitioner filed two motions "to grant petition for judicial review and response to expected motion to dismiss and/or strike" submitted "to counter the Respondent's claims regarding procedural defects" and two "repl[ies] in further support of petition for judicial review" submitted "in response to arguments raised by Respondents *** in their motion to dismiss." On February 13, petitioner filed an amended "motion to grant petition for judicial review

and response to expected motion to dismiss and/or strike." In each of these filings, petitioner cited numerous exhibits, however the record only contains one document attached to the second "motion to grant petition for judicial review and response to expected motion to dismiss and/or strike," which is a one-page screen shot of text messages between two unidentified persons discussing filing fees.

¶ 8 In these filings, petitioner does not dispute that he filed the petition late, but argued that equitable tolling should apply where his attorney's misconduct and misrepresentation caused the delay. Petitioner acknowledged that the Board's decision was rendered on December 30, 2024 and that he had five days, until January 6, 2025,[2] to file an appeal. He maintains that his attorney filed the petition "within this period," but it "was rejected due to non-payment of required fees." Petitioner maintained that "Exhibit B, includes documentation of the attorney's initial filing" however, as noted above, the record does not contain petitioner's purported exhibits. Following the rejection of the petition, according to petitioner, his attorney mislead him about the filing for approximately 15 days. Petitioner further argued that he substantially complied with the service requirements and his failure to strictly comply with section 10-10.1(a) should not be fatal.

¶ 9 The record on appeal does not include an order or other documentation which demonstrates that the circuit court resolved defendants' motions to dismiss. On February 24, 2025, petitioner filed a notice of appeal indicating that he was appealing from the dismissal of the petition on February 18, 2025. The respondents do not dispute this assertion as to the dismissal and included,

---

[2] Five days after December 30, 2024 was January 4, 2025, which was a Saturday. Accordingly, the filing deadline would fall on the next business day. See 5 ILCS 70/1.11 (West 2022) (the time within which any act is to be done includes the last day, unless that day is a Saturday, Sunday, or holiday).

in their appendices to their memoranda, a copy of a signed order which states that the motions to dismiss for lack of subject matter jurisdiction were granted but does not have a file stamp.

¶ 10    As the appellant, petitioner had a duty to provide a record which is sufficient for this court to review the issues. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). The record on appeal must include the judgment being appealed. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). Appellant also has the burden to establish appellate jurisdiction. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. Here, the record does not contain evidence that a final and appealable order was entered below. The parties agree that the petition was dismissed for lack of subject matter jurisdiction on February 18, 2025 and petitioner seeks review of that dismissal, but we do not have a dismissal order in the record on appeal. Because there is no dispute that the petition was dismissed for lack of subject matter jurisdiction, we will consider petitioner's arguments on appeal.

¶ 11    On appeal, petitioner argues that the circuit court erred in dismissing the petition as untimely by failing to consider the impact of his attorney's misconduct.

¶ 12    A section 2-619 motion to dismiss admits as true all well-pleaded facts and all reasonable inferences and the legal sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Goral v. Dart*, 2020 IL 125085, ¶ 27. Section 2-619(a)(1) allows dismissal when the circuit court "does not have jurisdiction of the subject matter of the action." 735 ILCS 5/2-619(a)(1) (West 2022). We review an order dismissing an action pursuant to section 2-619 *de novo*. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

¶ 13    "Subject-matter jurisdiction refers to a tribunal's power to hear and determine cases of the general class to which the proceeding in question belongs." *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 23. Under the Illinois Constitution of 1970, the circuit courts have original jurisdiction over all justiciable matters, with two general exceptions: (1) the circuit courts have

only "such power to review administrative action as provided by law," and (2) our supreme court has exclusive and original jurisdiction over questions "relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Ill. Const. 1970, art. VI, § 9; *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27.

¶ 14 The petition sought judicial review of the Board's final administrative decision. As such, the circuit court had subject matter jurisdiction to review that decision only "as provided by law." Ill. Const. 1970, art. VI, § 9; *Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990) ("Courts have no inherent power to hear election contests, but may do so only when authorized by statute."). The statutory authority for such judicial review is contained in section 10-10.1(a) of the Election Code. Public Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)). Strict compliance with section 10-10.1(a) is required. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 16. "The failure to *strictly* comply with the requirements of section 10-10.1 deprives the circuit court of subject matter jurisdiction to review an electoral board's final decision." (Emphasis in original.) *Quinn v. Board of Election Commissioners for the City of Chicago Electoral Board*, 2018 IL App (1st) 182087, ¶ 19.

¶ 15 Whether petitioner strictly complied with section 10-10.1(a) is an issue of statutory construction, which we review *de novo*. *Id.* ¶ 12. "When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature. [Citation.] The best indication of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. [Citation.] *** Where statutory language is clear and unambiguous, it will be given effect without resort to other aids of construction." *Id.* ¶ 13.

¶ 16 Section 10-10.1(a), in relevant part, provides:

"(a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file, within 5 days after service of the decision of the electoral board as provided in Section 10-10, a petition with the clerk of the court that names as respondents the electoral board, its members, and the prevailing candidates or objectors in the initial proceeding before the board. The party seeking judicial review must serve a copy of the petition upon each of the respondents named in the petition for judicial review by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court within 5 days after service of the decision of the electoral board as provided in Section 10-10. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court." Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)).

¶ 17    As set forth in section 10-10.1(a), a party contesting a decision of an electoral board must meet four requirements: (1) "file, within 5 days after service of the decision ***, a petition with the clerk of the court that names as respondents the electoral board, its members, and the prevailing candidates or objectors in the initial proceeding before the board"; (2) "serve a copy of the petition upon each of the respondents named in the petition for judicial review by registered or certified mail within 5 days after service of the decision of the electoral board"; (3) state in that petition "why the decision of the board should be reversed"; and (4) "file proof of service with the clerk of

the court within 5 days after service of the decision of the electoral board." *Id.*; *Bey v. Brown*, 2015 IL App (1st) 150263, ¶ 48 (citing a prior version of section 10-10.1(a) (10 ILCS 5/10-10.1(a) (West 2012))).

¶ 18    Petitioner acknowledges that the Board's decision was rendered on December 30, 2024 and that he had five days to file the petition. Based on the plain language of the statute, petitioner is correct that he was required to file and serve the petition by January 6, 2025. Although, petitioner asserts, without any proof in the record, that his attorney made an attempt to electronically file the petition on that date, there is no dispute that the petition was actually filed on January 23, 2025. Therefore, the petition was filed in an untimely manner. Additionally, there is no proof that the petition was ever properly served on defendants and certainly not within the required five days as set forth in section 10-10.1(a).

¶ 19    Petitioner argues that strict compliance with section 10-10.1(a) should be relaxed where the petition was filed late due to his attorney's misconduct. Petitioner also asserts that "equitable tolling" should apply where he acted diligently to file and serve the petition after learning of his counsel's misconduct and failure to timely file the petition.

¶ 20    In support of his arguments, petitioner cites several Illinois cases, including *Cleveland v. Ill. State Bd. Of Elections*, 2016 IL App (1st) 152866; and *Steward v. Colonial Western Agency¸* 200 Ill. App. 3d 736[3]; which do not exist and cannot serve as authority for excusing his failure to comply with section 10-10.1(a). Petitioner also cites *Holland v. Florida*, 560 U.S. 631 (2010), arguing that his attorney's misconduct "warrants equitable relief" and "justif[ies] equitable

---

[3] The citation, 200 Ill. App. 3d 736, is associated with a different case name, *Southwest Financial Bank v. McGrath*, 200 Ill. App. 3d 736 (1st Dist. 1990), but does not address attorney misconduct or filing delays as petitioner describes.

tolling." However, in *Holland*, the issue before the Supreme Court was whether equitable tolling applied to *federal* filing deadlines. *Id.* at 650 ("Equitable tolling *** asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." (Emphasis in original.)). This case is based on Illinois election law and the strict statutory provisions of section 10-10.1(a) and therefore *Holland* is inapplicable.

¶ 21    Petitioner further argues that the circuit court's failure to apply Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 1, 2024) where the filing delay was "due to circumstances behind a filer's control" is reversible error. Rule 9(d)(2) states: "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." *Id.* Petitioner relies on *Peraino v. County Officers Electoral Bd.*, 2021 IL App (1st) 210812-U; which does not exist and cannot serve as authority for excusing his failure to comply with section 10-10.1(a). Further, petitioner has forfeited this issue where he failed to raise the provisions of Rule 9(d)(2) or seek relief under the rule in the circuit court. See *Deutsche Bank National Trust Co. v. Cortez*, 2020 IL App (1st) 192234, ¶ 32 ("Issues not raised in the circuit court generally are forfeited and may not be raised for the first time on appeal.").

¶ 22    Therefore, the failure to file and serve the petition within five days of service of the decision of the Board deprived the circuit court of subject matter jurisdiction and, consequently, we affirm the dismissal of the petition. See *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶¶ 1, 56 (where the supreme court in affirming the circuit court's dismissal of a petition for lack of subject matter jurisdiction implicitly recognized that a reviewing court has authority to determine whether the lower court had jurisdiction).

¶ 23   Affirmed.